No. 210

MAYER v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6501. Decided Nov. 16, 1925

615. HUSBAND & WIFE—Husband- responsible for acts of wife which are malum prohibitum.

661. INTOXICATING LIQUORS—Where a wife is arrested for the violation of the liquor law, in the presence of her husband, she is not guilty of an offense.

SULLIVAN, J.

This case came into the Court of Appeals on error from the Cuyahoga Common Pleas, which affirmed the decision of the justice of the peace of Newburg Heights, wherein Margaret Mayer was found guilty of violating 6212-15 GC., which provides a penalty for the manufacture, sale, barter, or delivery of intoxicating liquors.

According to the evidence, three constables raided the home of Mayer, which consisted of a grocery in front with living quarters in the rear; and at the time of said raid, the whole

family was at home. The search warrant was read in due form to John Mayer, the owner of the premises and also the proprietor of the grocery store. A search was made and according to the evidence, while the search was in progress Margaret Mayer went into the living room, took a bottle from a table and threw it out of the door. No liquor was found on the premises.

The constables left and in fifteen minutes returned with a bottle of liquor which they had found in an adjoining lot. They therefore charged John Mayer with possession and attempted to arrest him, he resisted arrest so they took his wife, Margaret Mayer, into custody. The Court of Appeals held:

1. It has been uniformly held that a husband is responsible for the acts of the wife which are only malum prohibitum and not malum in se.

2. This rule not only rests on the presumption of coercion of the wife by the husband but on the authority of the husband as head of the household to control its affairs and his duty to use all reasonable means to prevent his wife from using the home for a business or purpose prohibited.

3. If the wife joins with her husband in the commission of a crime less than murder, she is presumed to act under the coercion of her husband and in law is not guilty, 15 Ohio 72; 34 OS. 127.

4. From the present case it is clear that any act that Margaret Mayer committed, she did so in the presence of her husband.

5. Statutes that give women under coverture the right to carry on a business does not deprive the husband of the right to regulate and control his household. He has the power to prevent his wife from using his house for an illegal business or purpose.

6. The authorities quoted above would have no bearing on the instant case except as they apply to the force and effect of arresting the wife.

7. The authorities should be taken into consideration as to whether the evidence in the case linked with Mrs. Mayer's status, is sufficient to hold her guilty on the weight of the evidence, as the same applies to the rule of the criminal law, that a defendant can only be found guilty beyond the existence of a reasonable doubt.

8. There is credible evidence to show that the arrest of Mrs. Mayer was arbitrary and to punish her husband for resisting arrest.

Judgment reversed and Mrs. Mayer discharged.

Attorneys—L. A. Tucker for Mayer and E. C. Stanton for State; both of Cleveland.